IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Eddie Ray, Jr.,** *on behalf of himself and all others similarly situated***,**<br><br>Plaintiff,<br><br>v.<br><br>**SCA of MO, LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No.**<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** Plaintiff Eddie Ray, Jr. (hereinafter, "Plaintiff" or "Mr. Ray"), on behalf of himself and all others similarly situated, by and through counsel, and for his Complaint against Defendant SCA of MO, LLC (hereinafter "SCA of MO" or "Defendant") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff Eddie Ray, Jr. brings this action against Defendant SCA of MO, LLC under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Ray brings this action, on behalf of himself and all others similarly situated against Defendant for unpaid overtime compensation, and related penalties and damages.

3. Defendant's payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Mr. Ray seeks, on behalf of himself and all others similarly situated;

1

declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Eddie Ray, Jr. is an adult resident of Madison, Illinois.

6. Defendant SCA of MO, LLC is a limited liability corporation operating in Illinois which may be reached for service through its Illinois registered agent, CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 6064.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under federal law, the FLSA, 29 U.S.C. § 201, *et seq.*

8. Defendant SCA of MO, LLC is a legal entity which is registered and doing substantial business in Illinois. In addition, SCA of MO, LLC employs multiple residents of the state of Illinois to work at its facilities in Illinois. Therefore, this Court has personal jurisdiction over Defendant SCA of MO, LLC.  735 Ill. Comp. Stat. Ann. 5/2-209(b)(4).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims under the FLSA occurred in this District.

## REPRESENTATIVE ACTION ALLEGATIONS

10. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as sweeping truck operators, from three years prior to the commencement of this action to the present, who regularly worked forty hours or more per week and who had half-hour breaks automatically deducted from their daily hours worked although they did not take such a break and who,

Doc ID: f15ae75eb8d83454edbdbe2852d9cd5e8672e210

accordingly, were not paid for all overtime hours worked at a rate of at least one-and-one-half times the regular rate of pay.

11. This Complaint may be brought and maintained pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because his claims are similar to collective action members or putative collective action members.

12. Plaintiff and putative collective action members are similarly situated because they worked as sweeping truck operators, regularly worked forty hours or more per week, and were subject to Defendant's common practice, policy, or plan of automatically deducting half-hour meal breaks from its employees' daily hours worked, regardless of whether employees actually took such breaks, and accordingly, failing to pay those employees for all overtime hours worked at a rate of one-and-one-half times the regular rate of pay.

## FACTUAL BACKGROUND

13. On or about September 1, 2014, Metro Commercial Sweeping, LLC, hired Plaintiff Eddie Ray to work as a sweeping truck operator.

14. Upon information and belief, in early 2021, Defendant SCA of MO, LLC, purchased and acquired Metro Commercial Sweeping, LLC.

15. Since 2021, Mr. Ray has worked as a sweeping truck operator for Defendant SCA of MO, LLC.

16. Mr. Ray typically records his time by clocking-in and clocking-out of work using a timeclock located at Defendant's facility in Dupo, Illinois.

17. Defendant usually assigns Mr. Ray to drive street-sweeping routes in St. Charles County, Missouri.

18. Mr. Ray usually works the 11-hour night-shift from 8:00 pm to 7:00 am.

Doc ID: f15ae75eb8d83454edbdbe2852d9cd5e8672e210

19. Mr. Ray typically works 33 hours or 44 hours per week, depending on the number of days he works per week.

20. Mr. Ray typically is unable to take a bona fide meal break because while he is on his shift he must stay with his truck and cannot deviate from his route.

21. Defendant pays Mr. Ray an hourly rate of $19.75.

22. For his almost seven years of employment with Metro Commercial Sweeping, LLC, Mr. Ray's employer paid him for his entire shift, without any mealtime deduction.

23. In October 2021, shortly after its acquisition of Metro Commercial Sweeping, Defendant began to automatically deduct a half-hour mealtime from Mr. Ray's time.

24. Defendant's deductions automatically removed one and a half or more hours from Mr. Ray and similarly-situated employees' time each week.

25. These automatic deductions occurred even though Mr. Ray was continuously on duty and unable to take a bona fide meal break.

26. In October 2021, Mr. Ray complained to management that he was not taking half-hour breaks and therefore such break time should not be deducted from his time.

27. Around the same time, Mr. Ray raised the issue to his district manager of submitting a time card change form in the event he was unable to take a meal break so that he was properly paid for that time.

28. His district manager responded that he would be fired if he so much as tried to submit such a change form.

29. After a week, the company responded to Mr. Ray's complaint by discontinuing the automatic deduction of meal breaks for approximately six months.

30. In May 2022, Defendant resumed the practice of automatically deducting a half-hour meal break from Mr. Ray's and similarly-situated employees' daily hours worked.

Doc ID: f15ae75eb8d83454edbdbe2852d9cd5e8672e210

31. Like the earlier October 2021 deduction scheme, these automatic deductions are made automatically even though Mr. Ray and similarly-situated employees are unable to enjoy a bona fide meal break.

32. Like the earlier October 2021 deduction scheme, Defendant's deductions automatically removed one and one half or more hours from Mr. Ray's weekly hours worked.

33. May through July 2022, Mr. Ray repeatedly contacted facility management and Defendant's Human Resources Department to complain about the renewed automatic deductions and to have the automatic deductions removed from his hours worked.

34. Upon information and belief, Defendant's management and Human Resources office has so far ignored Mr. Ray's complaints and requests for correction.

35. Defendant's deductions automatically removed one- and one-half or more hours from Mr. Ray's and similarly-situated employee's weekly hours worked. Therefore, when Mr. Ray and similarly-situated employees work forty hours or more per week, Defendant is failing to pay them overtime premiums all hours worked at least one- and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Mr. Ray realleges and incorporates all allegations above as if actually set forth herein.

37. At all relevant times, Defendant was an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203

38. At all relevant times, Defendant employed Mr. Ray and those similarly situated pursuant FLSA, 29 U.S.C. § 203 (e)(1), (g).

39. The FLSA requires each covered employer, including Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for

Doc ID: f15ae75eb8d83454edbdbe2852d9cd5e8672e210

work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

40. At all relevant times, Mr. Ray and similarly-situated employees were non-exempt employees within the meaning of the FLSA, 29 U.S.C. § 213.

41. Since May 2022, Defendant has automatically deducted half-hour meal breaks from Mr. Ray and similarly-situated employees' compensation, even when they were working during these times.

42. Defendant has thus willfully failed and refused to pay Mr. Ray and those similarly situated an overtime premium for all hours worked over forty in any given workweek.

43. As a result of Defendant's failure to compensate Mr. Ray and those similarly situated at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendant has violated and is continuing to violate the FLSA, 29 U.S.C. § 207(a)(1).

44. Defendant has ignored Mr. Ray's repeated complaints about the incorrect automatic deductions and Mr. Ray's requests that Defendant correct this error.

45. Defendant has willfully refused to provide its employees with a means to correct their time in the event they are unable to take a meal break as expected.

46. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Eddie Ray Jr. and those similarly situated to him pray for relief as follows:

Doc ID: f15ae75eb8d83454edbdbe2852d9cd5e8672e210

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. 216(b);

6. Designation of Plaintiff Eddie Ray Jr. as Representative Plaintiff of the putative members of the FLSA representative action;

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Doc ID: f15ae75eb8d83454edbdbe2852d9cd5e8672e210

Respectfully submitted,

_s/Philip Oliphant_____
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
Edward Rolwes, IL Bar No. 06191483
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: f15ae75eb8d83454edbdbe2852d9cd5e8672e210

## **DECLARATION AND VERIFICATION**

    I, **Eddie Ray, Jr.**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

*[signature: Eddie Ry]*

**Eddie Ray, Jr.**

Date: 10 / 05 / 2022

Doc ID: f15ae75eb8d83454edbdbe2852d9cd5e8672e210



Audit Trail

| | |
|---|---|
| **TITLE** | Ray Complaint |
| **FILE NAME** | Ray v. SCA- FLSA ...ive Complaint.pdf |
| **DOCUMENT ID** | f15ae75eb8d83454edbdbe2852d9cd5e8672e210 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

Document History

**SENT**
**10 / 05 / 2022**
09:57:05 UTC-5

Sent for signature to Eddie Ray (eddier11201984@yahoo.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED**
**10 / 05 / 2022**
09:58:00 UTC-5

Viewed by Eddie Ray (eddier11201984@yahoo.com)
IP: 166.196.110.13

**SIGNED**
**10 / 05 / 2022**
10:07:42 UTC-5

Signed by Eddie Ray (eddier11201984@yahoo.com)
IP: 97.88.217.61

**COMPLETED**
**10 / 05 / 2022**
10:07:42 UTC-5

The document has been completed.

Powered by HELLOSIGN