IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Eddie Ray, Jr.,** *on behalf of himself and* *all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>**SCA of MO, LLC,**<br><br>Defendant. | Civil Action No. 22-CV-2304-SPM |

**UNOPPOSED MOTION FOR ORDER APPROVING RESOLUTION OF FLSA CLAIMS AND INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiff Eddie Ray, Jr., by and through counsel and with the consent of Defendant SCA of MO, LLC, files this Unopposed Motion for Order Approving Resolution of FLSA Claims and Incorporated Memorandum in Support (the "Motion"). In support of the Unopposed Motion, the Plaintiff respectfully states as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

This case was brought by Plaintiff as a collective action under the Fair Labor Standards Act ("FLSA"), on behalf of himself and all others similarly situated. Plaintiff alleges that Defendant failed to pay him and his co-workers overtime compensation when Defendant automatically deducted a thirty-minute meal break from their pay without providing a mechanism for reversing this automatic deduction. (*See generally* ECF # 1.) Defendant denies there was no mechanism for reversing the automatic deduction and further denies that it violated the FLSA. (ECF # 13.)

The Parties engaged in early settlement discussions and determined that given the modest

1

amount of damages claimed by Plaintiff it would be to the advantage of both sides to avoid protracted discovery. This was underscored by the small number of potential opt-ins and the uncertainty expressed by Plaintiff as to whether his co-workers were interested in joining the suit given how little was at stake. Accordingly, Defendant has agreed to pay Plaintiff his claimed damages, fully liquidated, and to compensate his counsel fully for his time in bringing this suit. Defendant will also provide training for supervisors and employees on an updated time policy.

Because the parties wish to avoid expending additional resources on this matter, Plaintiff requests that the Court enter an order approving the agreed-upon resolution of the Parties. This resolution releases and resolves any and all existing claims relating to this matter. Because under the FLSA the parties may seek the Court's approval for settlement, Plaintiff hereby submits the proposed, agreed-upon resolution to the Court. *See Steele v. Staffmark Investments, LLC*, 172 F. Supp.3d 1024, 1026 (W.D. Tenn. 2016) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). Plaintiff respectfully requests that the Court review the agreed-upon resolution under the standards set forth in *Lynn's Food Stores* and the FLSA.

## LAW AND ANALYSIS

The Court should approve the Parties' agreed-upon resolution because: (1) it was negotiated and agreed upon in an adversarial context; (2) both sides are represented by experienced labor and employment attorneys; and, (3) the agreed-upon resolution is a fair and reasonable compromise given the significant factual disputes in the case and the uncertainty associated with proceeding to trial.

A district court, when reviewing a proposed agreed-upon resolution of FLSA claims, must scrutinize the proposal for fairness and decide whether it is a "fair and reasonable resolution of bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The Eleventh Circuit set forth the following factors:

1. Was the proposed resolution achieved in an adversarial context?

2. Was the plaintiff represented by attorneys who can adequately protect his rights?

3. Does the proposed resolution reflect a fair and reasonable compromise over issues that are actually in dispute?

*See id.* at 1353-54. All three factors are satisfied here. Indeed, the resolution reached by the Parties was negotiated at arms' length with both parties represented by experienced labor and employment counsel who protected the rights of the Parties. The Parties submit to the Court that the terms of resolution reflect a fair and reasonable compromise regarding *bona fide* disputes between the parties with respect to the amount of damages owed under the FLSA. Indeed, under the terms of the agreement Mr. Ray is receiving in full his best estimate of unpaid overtime compensation, fully liquidated ($1,894.00 total).[1]

With the Court's approval, the Parties will have resolved any and all claims and disputes between them arising out of, or in any way related to, Plaintiff's claims under the FLSA, including attorneys' fees and costs. Plaintiff has attached hereto as *Exhibit A* the Parties' proposed settlement agreement and release of claims.[2]

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order forthwith granting this Unopposed Motion, approving the Parties' agreed-upon resolution of all of the claims asserted in this FLSA action, and dismissing this action with prejudice based upon the

---

[1] In addition, an award of attorney' fees under the FLSA "must "be reasonable under the circumstances.'" *Jackson v. Turner Holdings*, No. 2:20-cv-02018-SHM-jay, 2020 U.S. Dist. LEXIS 202818, at *3 (W.D. Tenn. Oct. 30, 2020) (quoting *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d. 513, 516 (6th Cir. 1993)). Under the terms of the proposed settlement agreement, Plaintiffs' counsel is to receive $8,000 in fees and expenses, less than Plaintiff's counsel's lodestar amount.

[2] The parties have executed the settlement agreement.

3

Parties' agreement. The parties will submit to the Court's CM/ECF inbox a proposed order granting the relief sought in this Unopposed Motion.

Respectfully Submitted,

*s/Philip Oliphant*
Alan G. Crone, TN Bar No. 14285
Philip E. Oliphant, TN Bar. No. 25990
**The Crone Law Firm, PLC**
88 Union Avenue, 14th Floor
Memphis, TN 38103
(901) 737-7740 (voice)
(844) 445-2387
(901) 474-7926 (fax)
*poliphant@cronelawfirmplc.com*

*Attorneys for Plaintiff*

**CERTIFICATE OF CONSULTATION**

I, the undersigned attorney for Plaintiff, do hereby certify that I have consulted Defendant's counsel, Janet Meub, about the foregoing motion and she has indicated that she in full agreement with it and does not oppose the Court's granting the motion.

*s/Philip Oliphant*
