IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE RAY, JR., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCA OF MO LLC,<br><br>Defendant. | Case No. 22-CV-02304-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court on the Plaintiff Eddie Ray Jr.'s Motion for Settlement Approval. (Doc. 21.) The motion is consented to by Defendant SCA of MO LLC. On October 5, 2022, Ray filed the underlying lawsuit in his individual capacity and on behalf of allegedly similarly situated employees at SCA, alleging that SCA failed to pay certain overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 207(a)(1). Ray and SCA have reached a settlement on Ray's individual claim, as asserted in the Complaint, and now seek final settlement approval and dismissal of this case with prejudice. (Doc. 21.)

### LEGAL STANDARD AND ANALYSIS

Stipulated settlements in a FLSA case must be approved by the Court. *McAfee v. Hubbard*, No. 14-CV-1010, 2017 WL 1479304 (S.D. Ill. April 25, 2017), citing *Burkholder v. City of Fort Wayne*, 750 F.Supp.2d 990, 994 (N.D. Ind. 2010); *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). To be approved,

the settlement must constitute "a fair and reasonable resolution of a bona fide dispute." *Lynn*, 679 F.3d at 1355. "Normally, a settlement is approved where it is the result of 'contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Burkholder*, 750 F.Supp.2d at 995, citing *Misiewicz v. D'Onofrio General Contractors Corp.*, 2010 WL 2545439, *4 (E.D.N.Y. May 17, 2010).

When reviewing a FLSA settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Burkholder*, 750 F.Supp 2d at 995 (citing to *Misiewicz*, 2010 WL 2545439, at *4)

The Court has considered and applied the factors set forth in *Burkholder*, and finds the settlement to be fair, reasonable, and adequate when balanced against the probable outcome of further litigation and the risks related to liability and damages. The Court finds the extensive investigation and research conducted by the parties led them to reasonably evaluate and understand their respective positions. The Court further finds that approving the settlement will avoid substantial and additional costs by the parties, as well as further delay and risks likely to be encountered by further litigation of the claims and defenses asserted. The Court also finds the

Page 2 of 4

settlement has been reached after litigation of a bona fide dispute and as a result of arms-length negotiations involving experienced counsel for both sides. As a result, the Court finds the settlement is fair, adequate, reasonable, and in the best interest of the parties. Finally, the Court finds that the settlement satisfies all fairness and adequacy factors as set forth in this Circuit's jurisprudence regarding resolution of claims under 29 U.S.C. § 201, et seq. (the Fair Labor Standards Act).

Therefore, the Court approves, as fair and reasonable, the amount requested by Ray to be paid to counsel for the services rendered, and expenses they have incurred, in prosecuting this action.

Neither the settlement, nor any exhibit, document, or instrument delivered under the settlement agreement, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of the settlement, shall be discoverable, or admissible in evidence, for any purpose, except as provided in the settlement agreement and release of claims.

Without affecting the finality of this Order, the Court shall retain exclusive jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the settlement, all orders and judgments entered in connection therewith, and other matters ancillary to the settlement, and the parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement and all orders and judgments entered in connection therewith.

Therefore, the Court approves the parties' settlement upon the terms and conditions in the settlement agreement.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** the Motion for Settlement Approval. (Doc. 21.) The settlement agreement between the Plaintiff Eddie Ray Jr. and Defendant SCA of MO LLC is **APPROVED**, and Ray's claim against SCA is **DISMISSED with prejudice**. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

**IT IS SO ORDERED.**

DATED:   January 9, 2023

s/ <u>*Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**